### JOSEPH E. BRIGGS v. MILTON RUSH ET AL.

### No. 5.

**1. Practice—Exceptions to Pleading.**—Article 1289. Revised Statutes, makes it the duty of the court to dispose of all questions of law in jury cases as far as practicable before the day set for trial of such cases. When April 20, 1891, was the day for hearing and deciding questions of law, by the custom and usage of the court, in jury cases, and on that day the docket was called and all parties given opportunity to present their exceptions, and none were presented to the answer of the defendant, which had been on file since November 21, 1890, but on the day of trial, April 23, 1891, exceptions were filed by the plaintiff, and after announcement of ready for trial action by the court upon them was sought, the refusal of the court to entertain them was not an abuse of its judicial discretion.

**2. Nonsuit—Reinstatement.**—After argument begun the plaintiff discovered that some of his evidence was not before the court, and took a nonsuit, and the case proceeded to judgment as between the defendants. The ground for the motion to reinstate being that plaintiff resided in New York, and was not present at the trial, and that his attorney when he announced ready for trial supposed certain overdue coupons were attached to the bond sued on, or were in the hands of one of the defendants, and did not discover his mistake until after announcement; *held* (no injury being shown to result to the plaintiff), that refusal of the motion was not an abuse of judicial discretion.

**3. Verdict.**—If the jury gave credit to defendant's witnesses rather than to the plaintiff's, the verdict should not be disturbed. in the absence of any evidence tending to show that it was the result of prejudice or other improper influence.

**4. Correction of Deed—Case in Judgment.**—R. and H. agreed to an exchange of lands. R. conveyed to H. his homestead, in consideration of the conveyance to him by H. and wife of their 200 acres homestead, and two other tracts of land of 40 and 160 acres, and the execution of eight notes for $350 each. There were two mortgages upon the two tracts of 40 and 160 acres when R. traded for them, of which he had notice and upon which he afterward paid $140, but subsequently concluded that said lands were worth less than the debts for which they were mortgaged and determined not to redeem them, and so notified H. and his creditors. The deed from H. to R. reserved a vendor's lien upon all the land sold, and by its terms bound R. to pay the mortgage debts. These recitals were alleged by R. to have been inserted fraudulently, through the procurement of H., and without the knowledge or consent of R , who averred ignorance of law and inability to read manuscript, and reliance upon H. to have the deed properly drawn. There was no evidence that the deed was read to R., or that he read it himself before delivery of his deeds to H. R. subsequently made

valuable improvements on the 200 acres homestead tract of land he had purchased. Under these facts, a verdict and judgment reforming the deed and releasing the homestead from the lien of the debts was affirmed.

5. New Trial for Newly Discovered Evidence.—When the deed attacked for fraud was dated January 5, 1887, the answer alleging fraud filed November 20, 1890, and the trial April 23, 1891, the evidence of the notary who took the acknowledgment to the deed, detailing what took place at that time, was not newly discovered evidence authorizing grant of a new trial.

APPEAL from Anderson.   Tried below before Hon. F. A. WILLIAMS. The opinion states the case.

*Gammage & Gammage*, for appellant.—The court erred in refusing to consider and rule on the exceptions filed April 23, 1891.  Rev. Stats., arts. 1192, 1269; Teas v. McDonald, 13 Texas, 349; note 5, under art. 1192, Sayles' Stats.; Rules for the District Court, 26.

The court erred in refusing to set aside the nonsuit.  Peck v. McKellar, 33 Texas, 239, and authorities; Guffey v. Moseley, 21 Texas, 410; Huston v. Berry, 3 Texas, 236; Rev. Stats., art. 1301; Hoodless v. Winter, 80 Texas, 638.

The court erred in refusing to grant a new trial because of the preponderance of the evidence in behalf of the plaintiff.   Rule 12, under art. 2245, Sayles' Stats.; rule 32, under art. 2245, Sayles' Stats.; Haldeman v. Chambers, 19 Texas, 43; 1 Gra. & Wat. New Trial, 463, 470; Frizzell v. Johnson, 30 Texas, 36; 4 Texas, 319; Railway v. Schmidt, 61 Texas, 282; 3 Greenl. Ev., sec. 409; Railway v. Wallen, 65 Texas, 568; Railway v. Casey, 52 Texas, 112.

*J. R. Bennett*, for appellee.—The court did not err in refusing to grant a new trial because the preponderance of the evidence was in favor of the plaintiff.   The case was one of conflicting evidence and peculiarly within the province of the jury to determine.   Link v. Page, 72 Texas, 592; Ramey v. Allison, 64 Texas, 704; 3 Pome. Eq. Jur., sec. 1376, and note; Kilmer v. Smith, 77 N. Y., 226; 33 Am. Rep., 613; Wells v. Yates, 44 N. Y., 525; Bull v. Titsworth, 29 N. Y. Eq., 73; Albany Sav. Inst. v. Burdick, 87 N. Y., 40; Bergen v. Ebey, 88 Ill., 269.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by the appellant in the District Court of Anderson County on April 14, 1890, against W. J. Hamlett and wife, J. B. Watkins, and Milton Rush.   The object of the suit was to recover judgment against defendants Hamlett and wife for debt due by them on a promissory note, and judgment also for same debt against defendant Rush upon alleged assumption of same by Rush, and an assignment thereof to plaintiff by defendant W. J. Hamlett; and for the foreclosure of a mortgage upon two tracts of land, one con-

taining 40 acres and the other 160 acres of land, executed by defendants Hamletts to cure the debt sued for, and which land had been purchased by defendant Watkins at a sale made under a junior mortgage executed for his benefit by said Hamlett and wife; and for the further purpose of enforcing the vendor's lien upon said lands; and upon another tract of 200 acres, formerly occupied by Hamlett and wife, and which, together with the 160 acres and the 40 acres, mortgaged as aforesaid, were conveyed by Hamlett and wife to defendant Rush, for a valuable consideration, on January 5, 1887.

The defendants Hamlett and his wife answered by general denial and plea of coverture for the wife. The defendant Watkins answered the plaintiff's petition by admitting the prior lien of the plaintiff, and averring that the defendant Hamlett having made default in the payment of his debt to defendant, he had caused the trustee in his mortgage, under power of sale given therein, to sell the said 160 and 40 acres of land, and at said sale defendant became the purchaser; and further averring that by the terms of the sale made to defendant Rush by Hamlett and wife, Rush assumed the payment of Hamlett's debt to plaintiff, and his debt to defendant also; and that the deed of conveyance from Hamlett to Rush reserved the vendor's lien on all of the tracts of land sold to Rush, and that said lien had been transferred to plaintiff. He prayed that the court would require the plaintiff to first sell the tract of 200 acres, upon which there was no mortgage, before selling the other two tracts purchased by defendant at the sale made as aforesaid under his mortgage; and he further prayed that if both the mortgaged land and the other tract sold to Rush should be sold under the decree of the court, and if the amount realized from the sales should be insufficient to satisfy both the plaintiff's debt and his own, that he might have judgment against Rush for any balance due him; and for general relief.

Defendant Rush, on the 21st of November, 1890, filed, under affidavit, his amended original answer to plaintiff's petition, in which he denies that he ever assumed to pay either Hamlett's debt to plaintiff or Hamlett's debt to defendant Watkins. He admits that he traded his homestead in Ellis County to Hamlett for 400 acres of land in Anderson County, and that at the time of the trade he knew that the two tracts of 40 and 160 acres each were subject to the mortgages of plaintiff and defendant Watkins, and that he traded for the land subject to the liens; but he denies that he agreed to become liable for either of said debts, and avers that he traded with the distinct understanding and agreement with the said Hamlett that he would not become responsible for either his debt to plaintiff or his debt to Watkins, and that the tract of 200 acres, which was the homestead of Hamlett and wife, must be free from all liens or other incumbrances, otherwise he would not exchange lands with him. That his own homestead was paid for and free from all liens, and that he

must have one in the same condition. That upon the assurance of Hamlett that such was the case, the trade was agreed to, and Hamlett was to convey the homestead free of liens, and the other tracts of 160 and 40 acres each; he to redeem these lands or not, as he, defendant, might elect. And in addition Hamlett was to execute to him his eight negotiable notes for $350 each; and defendant and wife were to convey to Hamlett their homestead in Ellis County; that his wife and himself, on their part, did execute to Hamlett a deed to their homestead, and that Hamlett executed his eight notes to defendant, each for $350, and delivered to defendant a deed for the three tracts of land. That defendant, relying on the assurances of Hamlett, supposed and believed that the deed of conveyance was executed in accordance with the terms of the trade, and did not know that said deed reserved a lien upon the lands, and by its terms made him liable for the debts of Hamlett, until the deed was examined by his counsel, after the institution of plaintiff's suit. Charges that the recitals reserving a lien and making defendant liable for debts due plaintiff and defendant Watkins were inserted through procurement of Hamlett, without the consent or the knowledge of defendant, and that Hamlett well knew that he, defendant, would never have conveyed his homestead had he known that a lien would be retained upon the lands sold him, or that he was to be made liable for Hamlett's debts; avers his ignorance of the law, and that he is unable to read manuscript, and that he relied upon Hamlett to have the deed properly drawn; charges him (Hamlett) with fraud, and prays that the deed from him to Hamlett may be reformed and made to conform to the terms of the trade; and for general relief.

On the 23d day of April, 1891, plaintiff filed, with leave of the court, his first supplemental petition, excepting to defendant Rush's first amended original answer, and on same day defendant Rush filed his original answer to demands of defendant Watkins, in which he adopts his first amended original answer to plaintiff's petition. Upon this state of the pleadings the case was on the same day, April 23, 1891, called for trial, when all parties announced ready, and a jury was impanneled; and when the pleadings had all been read the plaintiff moved to submit his exceptions to Rush's answer to the court, and the court declined to consider the same, because the day for considering and determining questions of law, in cases in which juries were demanded, had passed; and plaintiff's cause had been called on that day for the purpose of hearing exceptions, and none were presented for the consideration of the court; to which ruling the plaintiff excepted, and the trial proceeded; and after argument had begun, plaintiff discovering that some of his evidence was not before the court, as he supposed it to be when he announced ready, took a voluntary nonsuit, and thereupon the trial proceeded upon the answer of defendant Rush, charging fraud, and praying that his deed from Hamlett be reformed.

The jury returned a verdict for the defendant, and judgment was rendered, reforming the deed in accordance with the prayer of the complainant Rush, and dismissing the plaintiff's suit as to the other defendants, without prejudice to plaintiff; and motion for new trial having been overruled, plaintiff gave notice of appeal.

The first error assigned is the refusal of the court to consider and determine the exceptions filed by leave of the court, on the day of the trial of the cause, to defendant Rush's first amended original answer. In support of the first proposition under this assignment appellant cites Rev. Stats., arts. 1192 and 1269, and Teas v. McDonald, 13 Texas, 349.

With all deference to counsel, we do not think these authorities applicable to the question before us. Article 1289, Revised Statutes, makes it the duty of the court to dispose of all questions of law in causes in which trial by jury is demanded, as far as practicable, before the day set for the trial of such cases. The trial judge in this case, in an addendum to plaintiff's bill of exceptions, states that Monday, the 20th of April, 1891, was the day set for hearing and deciding questions of law in the jury cases, and that on that day the docket was regularly called and all parties given an opportunity to present their exceptions, and that none were presented in this case by the plaintiff. The answer of defendant, to which exceptions were filed on the 23d of April, had been on file since the 20th of November, 1890. The plaintiff offered to the trial court no excuse for or explanation why his exceptions were not presented prior to the day set for the trial of jury cases. Under such circumstances we can not hold that the court erred in refusing to entertain the exceptions when presented. Article 1289 is obligatory upon the judges of the District Court. Its purpose is obvious, and unless a judge is clearly guilty of abuse of power in his efforts to enforce the observance of this statute by litigants, this court will not interfere.

The second error assigned is, that the court did not reinstate the cause upon plaintiff's motion to set aside nonsuit. The basis of plaintiff's suit against defendants Hamlett and Watkins was a note or bond of Hamlett, with attached coupons, and the grounds for his motion to reinstate are thus stated in the motion: "Plaintiff resides in New York, and was not present at the trial of this cause. The bond and coupons, as well as the $99 notes sued on, were in the possession of the L. M. Watkins Land Company, and when suit was instituted it was believed by plaintiff's attorneys, and so understood, that some of the coupons, to-wit, those due February, 1888, 1889, and 1890, and those due August, 1888, 1889, and 1890, not being paid, that the bond for $1000 became due, which is a fact, and so alleged, and gave plaintiff his right of action against defendants.

"When plaintiff's counsel announced ready for trial, they were of opinion that said coupons were attached to said bond; but after argument had

commenced, it was found that the coupons past due at the time of filing of the petition were not in their possession, but were believed to be in the possession of Watkins, one of the defendants, and laboring under such mistake, plaintiff announced ready for trial.''

From this it will be seen that had counsel inspected the bond before announcing ready for trial, they would have discovered the loss of the coupons; and the sole question presented for our determination is, did the trial judge abuse his discretion in refusing the motion to set aside the nonsuit? While we admit that the court might properly have sustained the motion, as to defendants Hamlett and Watkins, we are not prepared to say that his refusal to do so would warrant us in reversing the ruling, when no injury is shown to result to plaintiff.

The third and fourth assignments we will not consider seriatum, as the objections urged under them to the action of the court in refusing plaintiff's motion to grant him a new trial may be considered under three heads:

(1) That the evidence is insufficient to sustain the verdict; and (2) that the weight of the evidence is against the verdict; and (3) that the evidence discovered since the trial, as shown by the affidavit of McKinney, should have secured a new trial.

As to the first objection, we think the evidence was amply sufficient to sustain the verdict, if the jury gave credence to the testimony of the witnesses for the defendant. It was the province of the jury to determine the credibility of the witnesses, and if they gave credit to the defendant's witnesses, rather than to plaintiff's, the verdict should not be disturbed in the absence of any evidence tending to show that it was the result of prejudice or other improper influence.

The second proposition is, that the weight of the evidence was clearly with the plaintiff, and therefore the verdict, under the law, as given in the charge, should have been set aside. We consider the case to be one of a conflict of testimony, rather than a question of preponderance of evidence; and when this is the case, and the trial judge who hears the witnesses testify refuses to set aside the verdict, it is well settled that the appellate court will not do so.

We deduce from the record these conclusions of fact, viz.: That the defendant Rush and W. J. Hamlett agreed to an exchange of lands; that Rush conveyed his homestead to Hamlett in consideration of the conveyance to him by Hamlett and wife of their homestead containing 200 acres, and the two tracts of 160 and 40 acres each, and the execution of eight negotiable promissory notes for $350 each by Hamlett to Rush, and that the 160 and 40 acres tracts were received by Rush with the full knowledge of the mortgages of plaintiff and defendant Watkins, and that Rush paid some $140 on these mortgage debts after he took possession of the lands; and that after a few months he concluded the lands were worth less than

the debts for which they were liable, and he then determined not to redeem them, and so notified both Hamlett and his creditors.

We further conclude, that Rush made large and valuable improvements upon the 200 acres, the former homestead of Hamlett, and that Rush was not present when the deed of conveyance from Hamlett to Rush was prepared by McKinney, under instruction from Hamlett, and that there is no evidence that the deed was read to Rush, or that he read it for himself, before delivering his deeds to Hamlett.

When these facts are considered in connection with the testimony of all the witnesses, we are not prepared to say that the preponderance of the evidence is against the verdict.

The appellant's first proposition under the fourth assignment is not questioned, but the law as contained in this proposition is not applicable to the facts. The "newly discovered evidence" is the affidavit of McKinney, the notary who prepared the deeds from Hamlett and wife to Rush, and from Rush and wife to Hamlett, and took their acknowledgments. The testimony of this witness is: "I have no recollection of reading the deed to Mr. Rush, as the law does not require a notary to read a deed to a man before he acknowledges it. Yet I am satisfied that Mr. Rush did fully understand that the vendor's lien was retained in the deed on all the 400 acres of land, to secure the payment of the two notes named in the deed; he may have forgotten." This affidavit is clearly not such as the law requires to support an application for a new trial, on ground of newly discovered evidence. Besides, the answer of Rush setting up fraud was filed on the 20th day of November, 1890, and the deeds of conveyance showed that McKinney took the acknowledgments, and no reason is shown why the deposition of this witness, if material, was not taken before the trial.

We discover no error for which the judgment should be reversed, and we therefore affirm it.

*Affirmed.*

Delivered October 14, 1892.

JUSTICE WILLIAMS did not sit in this case.