## BEE CANDY MFG. CO. v. MAIBAUM.

(Court of Civil Appeals of Texas. San Antonio. June 11, 1913. Rehearing Denied June 28, 1913.)

1. NEW TRIAL (§ 10*)—GROUNDS—NECESSITY OF OBJECTION AT TRIAL — SUBMISSION OF CASE TO JURY.

In an action for personal injuries, where the defendant made no request for a peremptory instruction, but instead requested the court to give an instruction on negligence substantially the same as that given, it cannot, on motion for new trial, complain that the evidence was not sufficient to warrant the submission of the issue of negligence to the jury.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 13, 115, 131; Dec. Dig. § 10.*]

2. TRIAL (§ 255*)—REQUESTS FOR CHARGES—NECESSITY.

In an action for personal injuries by a fall from a ladder, where the charge of the court was correct and fairly submitted the issue, so far as it went, the defendant cannot complain, in the absence of a specific request, that the court did not charge the jury as to the plaintiff's presumed knowledge of obvious defects.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by Henry Maibaum against the Bee Candy Manufacturing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Leo Tarleton and Geo. C. Altgelt, both of San Antonio, for appellant. C. A. Davies and Ernest Fellbaum, both of San Antonio, for appellee.

TALIAFERRO, J. This was an action for damages for personal injuries. The case was in this court upon a former appeal, and in that opinion, reported in 145 S. W. 313, will be found a full statement of the case. Upon the last trial, as in the former, the plaintiff alleged but two acts of negligence: The first that the ladder, as maintained by the defendant, was unsafe, insecure, and in a dangerous condition, and that the same was not securely placed or fastened so as to prevent it from slipping and falling while being used by plaintiff; and, second, that the ladder was improperly constructed, weak, flimsy, and decayed. The latter allegation was abandoned upon the trial, and the court submitted in his charge only the theory set up in the former. Verdict and judgment were for the plaintiff for $1,500, from which this appeal is prosecuted.

[1] Appellant's first and second assignments of error assail the verdict and judgment as unsupported by the evidence. The first assignment contends that it was error to submit the case to the jury upon the evidence as presented, and the second asserts that the court erred in giving the general charge to the jury. The whole charge is copied into the assignment, and the error specified is that the testimony fails to disclose any want of care on the part of appellant. The only proposition under these assignments is as follows: "The plaintiff having failed to offer any testimony of negligence on the part of defendant proving or tending to prove legal liability on the part of defendant for his injuries, it was error on the part of the court to submit such issue to the jury."

No peremptory charge was requested by the defendant, and the insufficiency of the evidence to support the verdict is raised for the first time in the motion for a new trial. On the contrary, appellant presented to the court a special charge upon the issue of negligence, and requested that it be given to the jury. The special charge was properly refused by the court because the matters contained therein, so far as they were proper, were fully covered by the general charge.

Appellee objects to the consideration of the first and second assignments aforesaid, because not presented in accordance with the rules and established practice. The objection must be sustained. Both the assignments are too general and indefinite in their form to meet the requirements of Court of Civil Appeals Rules 24 and 25. Not having moved for a peremptory instruction, but having requested the court instead to give to the jury an instruction which presented the issue of the negligence substantially the same as it was presented in the court's general charge, the only difference being that the charge as so requested submitted the issues in a somewhat different aspect, it will be presumed that the charge as given by the court was in compliance with appellant's request, in so far as the general charge is in conformity with the requested charge, and appellant is estopped to complain of the issues so submitted. A party will not be permitted to request the court to adopt a course of procedure in the trial of a case and then, because the result of such course has not proven to his satisfaction, to complain that the action of the court in so proceeding was error. The principle of estoppel intervenes and will prevent him from taking advantage of his own wrong. Railway v. Sein, 89 Tex. 63, 33 S. W. 215, 558; Railway v. Eyer, 96 Tex. 72; Cornwell v. State, 61 Tex. Cr. R. 122, 134 S. W. 224, Ann. Cas. 1913B, 71; Railway v. Murray, 132 S. W. 496; Oil Company v. Gathings, 154 S. W. 668.

[2] Appellant's only other assignment, numbered 4, complains that the court did not instruct the jury that if, under all the evidence, it was apparent that the ladder was plainly visible and its manner of use obvious, and that no concealment was practiced by defendant, plaintiff would be charged with knowledge of the ordinary laws of physics, and could not recover. But no such charge was requested by appellant. When the charge of the court is correct and fairly submits the issue, so far as it goes, and one of the parties desires to have other aspects of the case presented to the jury for determination, special charges must be asked covering such points; and in the absence of such special request, it must be assumed that the general charge was satisfactory. It is too late to raise the question on motion for new trial. Railway Co. v. Eberheart, 91 Tex. 321, 43 S. W. 510; Mitchell v. Boyce, 120 S. W. 1016; San Antonio Traction Co. v. Settle (Sup.) 135 S. W. 116, and cases there cited. The assignment will be overruled.

No error appearing in the judgment of the lower court, it is affirmed.