CONNER v. McAFEE. (No. 1534.)

(Court of Civil Appeals of Texas. Amarillo.
June 4, 1919. Rehearing Denied
July 2, 1919.)

1. APPEAL AND ERROR ☞662(3) — BILL OF
EXCEPTIONS — QUALIFICATION BY JUDGE —
CONTROLLING FORCE.

Where the qualification of a bill of exceptions by the trial judge contradicts a statement of appellant's counsel in the body of the bill, the facts stated in the qualification will control.

2. PLEADING ☞228—EXCEPTIONS TO ANSWER
—FAILURE TO PRESENT ON TIME—RULE OF
DISTRICT COURT.

In view of a rule of the district court authorized by Rev. St. arts. 1910, 1945, where there was no reason why exceptions to defendant's second amended answer were not presented by plaintiff when the docket was called for such purpose during the first week of the term at which the case was tried, the refusal of the trial court to consider such exceptions was proper.

3. JUDGMENT ☞803 — SUIT ON VENDOR'S
LIEN NOTES—DISPOSITION OF DEFENDANT.

Where a defendant was duly cited by personal service outside of the state, and did not appear, but made default, a judgment which foreclosed the vendor's lien securing the notes sued on as to such defendant was a judgment in rem; the only judgment which the court could have rendered as to him, and disposed of him and his rights, divesting him of all interest in the land.

4. JUDGMENT ☞470—COLLATERAL ATTACK—
DISPOSITION OF DEFENDANT—PRESUMPTION.

On collateral attack upon a judgment as not disposing of a defendant, it will be presumed that some disposition of him satisfactory to the court was made.

5. JUDGMENT ☞503—COLLATERAL ATTACK—
INSUFFICIENCY OF PLEADINGS.

Collateral attack on a judgment for insufficiency of the pleadings cannot be sustained, even though the judgment granted more relief than was demanded, which did not render it void.

6. TRIAL ☞143—CONFLICTING TESTIMONY—
DIRECTION OF VERDICT.

The trial court should not have directed a verdict for either party on conflicting testimony as to a point of fact.

7. EVIDENCE ☞419(2)—PAROL EVIDENCE AF-
FECTING DEED—CONSIDERATION.

In suit on vendor's lien notes, testimony of defendant buyer with reference to a contract he had with plaintiff, the assignee of the notes from the vendor, at the time the notes were executed, *held* admissible to sustain the defense set up by the buyer, the recited consideration in his deed not being contractual, so that parol evidence was admissible to show the real consideration.

Appeal from District Court, Randall County; Hugh L. Umphres, Judge.

Suit by J. M. Conner against C. R. McAfee. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

B. Frank Buie, of Canyon, for appellant.
A. S. Rollins, of Dallas, and W. J. Flesher, of Canyon, for appellee.

HALL, J. By general warranty deed, dated September 20, 1911, Geo. M. Eckert and wife conveyed to appellee, McAfee, a certain section of land, situated in Randall county, for a recited consideration of one dollar, and the assumption by McAfee of two notes of $1,356 each, executed by Eckert to L. T. Lester, said notes numbered 4 and 5, dated December 1, 1907, and the further consideration of the execution by McAfee of three notes for $1,178.71 each, of even date with the deed, payable to Eckert, one, two, and three years after date respectively. On September 26, 1911, Eckert transferred to appellant Conner the three notes for $1,178.71 each, last above described, together with the superior title to the land. Lester filed suit against Eckert in May, 1912, to recover upon notes "three and four," alleging that on December 1, 1907, Lester had conveyed the land in question to Eckert in consideration of the execution of five notes for $1,356 each, further alleging that notes Nos. 1 and 2 had been paid off; that only $68.78 remained due and unpaid on note No. 3. Appellant Conner, appellee McAfee, and Almer McAfee, to whom C. R. McAfee had conveyed the land, were made parties defendant. There is no allegation in this petition that C. R. McAfee assumed note No. 5. Judgment was rendered in that case, numbered 661 on the district court docket of Randall county, in favor of Lester and against C. R. McAfee, November 13, 1912, for the full amount of notes 4 and 5, and the balance due on note 3, and foreclosing the vendor's lien as to all of the defendants. It was further decreed that Lester's lien should be prior to the lien held by appellant. This lien was evidenced by the three notes for $1,178.71 each. Almer McAfee was divested of all title, and except C. R. McAfee, no personal liability was decreed against any of the defendants. The land was sold in due time under this judgment and purchased by Lester and his attorney, crediting the amount of their bid upon the judgment.

This suit was filed on the three notes for $1,178.71 each, by appellant Conner against C. R. McAfee alone, alleging in the second amended original petition the execution of the notes; that they were a part of the purchase money for the said land which had been conveyed by Eckert to C. R. McAfee, by conveyance in which McAfee assumed the two notes for $1,356 each, above described. It is further alleged that defendant failed to pay said notes and permitted the land to be sold to satisfy the debt and lien at the

suit of L. T. Lester, which had defeated the plaintiff's lien. The petition further alleges that appellant was the bona fide holder for valuable consideration of the three notes sued on, having purchased the same September 26, 1911. By his second amended original answer, appellee alleged that the notes sued upon were wholly without consideration; that they were given to him by George M. Eckert as accommodation notes, under an agreement between plaintiff and defendant made September 20, 1911, prior to the execution of the deed by Eckert to him, and at the request of the said Eckert; that under said agreement the land was to be conveyed to McAfee, and to be held by him for the accommodation of appellant, and when appellant could sell the land then the notes were to be surrendered to appellee and canceled, at which time appellant was to pay the two notes for $1,356 each to appellee, who owned them at that time; that, as long as said notes were in the hands of appellant, there should be no liability on them, and in the event they were sold appellant would protect defendant from payment of the same. It is further alleged that appellant was estopped from prosecuting this suit because in the early part of the year 1912, after the appellee had parted with the title to the first lien notes on said land, he offered to convey the land to appellant, asking him to protect the first lien notes and pay the same off and prevent suit thereon; that appellant refused to accept a deed to the land or to pay off the first lien notes against it, but permitted Lester to file suit thereon; that appellant was a party to said suit and, though duly cited to appear and answer, wholly failed to do so and failed and refused to ask any foreclosure as to the notes held by him; that he further failed and refused to in any way protect any interest he may have had in said notes; that plaintiff, in the foreclosure suit, failed to prepare a valid judgment; that said judgment does not dispose of all the parties. Wherefore appellant's lien is still a valid and subsisting lien, and that he, assuming that he owned the land, did, in the year 1916, for a valuable consideration, sell the same to one C. N. Harrison, and is therefore estopped to ask a personal judgment against appellee.

To this pleading appellant replied by his first supplemental petition, containing several special exceptions, a general denial, and alleged specially that in the deed from Eckert to McAfee, conveying the land in question, it was specially provided that defendant McAfee should assume and pay off the said notes, 4 and 5, executed by Eckert to Lester, at the time the land was sold by Lester to Eckert; that said two notes in the sum of $1,356 each were secured by a lien on the land prior to the three notes sued upon, and appellee, having failed to pay said notes, is estopped to contest the notes sued upon; that, after appellant purchased the three notes in suit,

appellee became the owner of the two notes for $1,356 each, and thereupon said first lien became extinguished and canceled; and that appellee, in order to defraud the plaintiff, willfully, knowingly, and fraudulently sold and delivered said notes, 4 and 5, to one L. T. Lester, and immediately thereafter conveyed the land to one Almer M. McAfee, subject to said first lien notes, and subject to the plaintiff's three notes, and then refused to pay said Lester said first lien notes, causing the latter to bring suit for foreclosure, and to sell the land under his judgment for the purpose of defeating appellant's lien thereon; that, after the sale by the sheriff under the foreclosure by an agreement with L. T. Lester, appellee paid off the judgment, and Lester caused the land to be deeded to the order of appellee. There was a trial to the court without a jury, and the verdict was directed for appellee.

[1, 2] Appellant assigns error first to the action of the court in refusing to consider the special exceptions as contained in his first supplemental petition to the defendant's second amended answer. If these exceptions had been urged, they should have been sustained by the court. They were not urged during the first week of the court, and when the case was called the second week—the jury week—the trial judge refused to consider them. The bill of exceptions shows that the case was called on Monday morning, September 2, 1918, for trial; that appellant's attorney stated to the court that with leave he had filed his first supplemental petition on August 28th, and had some special exceptions to the second amended answer which had not been passed upon by the court; and that he had had no opportunity before to present them, asking that the court then consider and pass upon all of his exceptions. The bill is qualified by the trial judge as follows:

"Said rules being authorized by articles 1910 and 1945, R. S., and being as follows: 'It is ordered by the court that causes on the jury civil docket at all subsequent terms of court shall be taken up for trial on Monday of the second week of such term, and that in all cases in which juries have been demanded by either party all questions of law, demurrers, exceptions to pleadings, etc., shall, as far as practicable, be heard and determined by the court before the day so designated.' And said rule and order was entered upon the minutes of court prior to the term at which said case was tried, and the judge was present at said court four days of the first week of the term at which this case was tried, and neither party offered to present their exceptions, although the docket was called for that purpose."

It will be seen that the qualification by the trial judge contradicts the statement in the body of the bill that appellant's counsel had not been afforded an opportunity to present his exceptions. In such case the facts stated in the qualification of the bill will control. No reason appears in the record why the ex-

ceptions were not presented when the docket was called for that purpose during the first week, and this assignment presents no error.  Briggs v. Rush, 1 Tex. Civ. App. 19, 20 S. W. 771.

[3-5] The second assignment attacks the court's action in directing a verdict for appellee.  On the part of appellee, it is contended that the judgment rendered in cause No. 661 is void upon two grounds: First, because it does not dispose of Eckert; and, second, personal judgment is rendered against McAfee for the amount of notes 4 and 5, when in the petition it is alleged that he assumed notes 3 and 4.  This, of course, is a collateral attack upon the judgment by a party to it, who subsequently acquired the land from the purchasers at the execution sale.  We do not assent to the proposition that the judgment does not dispose of Eckert.  The judgment recites that he was "duly cited by personal service outside of the state and came not, but wholly made default."  Under such circumstances, the court would not have been warranted in rendering personal judgment against him.  The judgment proceeds to foreclose the vendor's lien which existed to secure the notes and is as to Eckert a judgment in rem—the only judgment which the court could have rendered as to him.  He filed no answer and asked for no affirmative relief, and we think the effect of the judgment is to divest him of all interest in the land described in the judgment.  Even though his name had not been mentioned, the rule is that on collateral attack it will be presumed that some disposition was made of him satisfactory to the court.  While the pleading does not show that McAfee assumed to pay note No. 5, for which judgment was also rendered against him, this objection goes to the sufficiency of the pleadings.  If McAfee had appealed, this defect in the judgment would have required the plaintiff to enter a remittitur; failing to do this, the judgment should have been reversed.  But no appeal was ever prosecuted from that judgment.  In an exhaustive note to the case of Jarrell v. Laurel Coal & Land Co., reported in L. R. A. 1916E, the question of a collateral attack upon a judgment because of the insufficiency of the pleadings is fully discussed, and a multitude of cases from practically every state in the Union is cited, holding that such attack cannot be sustained, and that, even though the judgment should grant more relief than is demanded, it is not void.  To the same effect is Moore v. Perry, 13 Tex. Civ. App. 204, 35 S. W. 838.  Appellee further contends that because appellant acquired the legal title to the land when he purchased the notes sued on in the instant case, and because the judgment in cause No. 661 is void, when he conveyed the land November 18, 1916, by quitclaim deed to C. N. Harrison, for a recited consideration of $50 in hand paid, he elected his remedy and is not now entitled to recover upon the notes given him by appellee as purchase money for the land.  This contention would be sound if we could hold the judgment to be void.  It appears from the record that the trial judge instructed the verdict in favor of appellee upon this theory.  Since we cannot hold the judgment void upon collateral attack, the court was not authorized to peremptorily instruct the jury, and this assignment is sustained.

[6] Under the third assignment it is insisted that the court erred in not directing a verdict for the appellant.  There was a conflict in the testimony between Conner and McAfee, with reference to the agreement under which McAfee alleges the notes sued upon were executed.  This being the case, the court should not have directed a verdict for either party.

[7] It is contended under the fourth assignment that the court erred in admitting the testimony of the defendant McAfee with reference to the contract he had with plaintiff at the time the notes were executed.  We think this testimony was admissible to sustain the defense set up by McAfee.  The recited consideration in the deed from Eckert to McAfee was not contractual, and as discussed by this court in Matheson v. C. B. Livestock Co. et al., 176 S. W. 734, and authorities cited therein, under such circumstances parol evidence is admissible to show the real consideration for the deed.  In the case of Watson v. Rice, 166 S. W. 106, in which a writ of error was denied by the Supreme Court, we held that parol evidence was admissible to show the real consideration for a promissory note as well as the terms and conditions on which it was delivered to the payee.  Without entering again into a discussion of the question by reference to that case, and the authorities cited, it will be seen that the court did not err in admitting this testimony.

Because the court erred in directing a verdict for appellee, the judgment is reversed, and the cause remanded.