**CIULLA v. CIULLA.   (No. 8378.)**

(Court of Civil Appeals of Texas. Galveston. May 23, 1923.)

**1. Pleading ⊕⇒103, 228—Pleas in abatement and exceptions to pleadings must be presented on regular law day.**

It was not error to refuse to entertain a plea in abatement and exceptions to the pleadings when not presented upon the regular law day; Rev. St. art. 1945, providing that cases to be tried by juries should be set for trial on designated days and that in such cases all questions of law, demurrers, exceptions to pleadings, etc., shall, as far as practical, be heard by the court before the day designated for the trial.

**2. Divorce ⊕⇒93(3)—Wife's petition held sufficient.**

A petition in a wife's suit for divorce for cruelty *held* sufficient.

**3. Divorce ⊕⇒108—Wife's petition on ground of cruelty held sufficiently specific to admit proof of matters alleged.**

Allegations in a wife's petition for divorce based upon the ground of cruelty, threats, and slanderous accusations, *held* sufficiently specific to admit proof of the matters alleged.

**4. Appeal and error ⊕⇒732—Assignment of error that verdict was contrary to law and evidence held insufficient.**

An assignment of error that the court erred in overruling appellant's motion to set aside a verdict and judgment "because such verdict was contrary to the law and the evidence," *held* too general to be considered.

**5. Divorce ⊕⇒254—Partition sale of homestead held not forbidden by statute.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4634, providing that no party in a divorce suit shall be compelled to divest himself or herself of the title to real estate, a judgment requiring the homestead to be sold so that the proceeds might be partitioned was not erroneous, where no equitable partition could be made in kind.

**6. Divorce ⊕⇒179—Decree provision restraining defendant from going on premises occupied by plaintiff held not reversible, where not objected to in trial court.**

Where no complaint was made of a part of a judgment for divorce enjoining the husband from going on or about the premises occupied by his wife and minor children, error could not be predicated upon such provision.

**7. Divorce ⊕⇒147—Not necessary to submit question of plaintiff's residence to jury, where undisputed evidence establishes residence.**

In a wife's action for divorce, it was not error to fail to submit to the jury the question as to plaintiff's bona fide residence, where plaintiff's testimony on that point was undisputed.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit by Nannie Mae Ciulla against Jack Ciulla. Decree for plaintiff, and defendant appeals. Affirmed.

S. T. Deason and Rosenthal & Wagner, all of Houston, for appellant.

Frank Williford, Jr., and H. H. Cooper, both of Houston, for appellee.

LANE, J. This suit was brought by appellee, Nannie Mae Ciulla, against appellant, Jack Ciulla, on the 18th day of September, 1919, praying for a divorce; for the care and custody of their two children; that their homestead be set aside to her free of incumbrance; that the community property of all kinds be divided equally between her and her husband, Jack Ciulla; and for such other and further relief as she might show herself entitled to. The original petition was amended from time to time until plaintiff filed her third amended petition on the 9th day of March, 1922, upon which she went to trial.

The plaintiff alleged that she and the defendant were married in August, 1907, and lived together until September, 1919; that

during such time defendant's conduct and treatment of her was of such nature as to make life unbearable and a hideous nightmare; that he cursed and abused her continuously, insulted her privately and publicly, and at sundry times up to September, 1919, at which time she left him, he constantly accused her of being immoral and of having unlawful sexual intercourse with' other men; that, just before said separation, defendant beat and choked her; that after such separation defendant, his friends, and her friends, by promises that defendant would thereafter treat her as a husband should treat a wife, persuaded her to again live with defendant as his wife; that notwithstanding, however, his prayers and promises to reform and to treat her as he should, and notwithstanding the prayers and promises of their friends in his behalf, defendant did, on or about December, 1920,'and at various times for several months prior thereto, cruelly treat her as he had prior to their first separation; that shortly before December, 1920, the exact date not now recollected by her, defendant assaulted her, accused her of living in adultery with other men, armed himself with a pistol, and told her that he would kill her, and that because of such treatment, accusations, and threats she again, in December, 1920, left defendant and refused to live with him; that shortly after said last separation defendant persuaded her relatives, his mother, sisters, and brothers to intercede in his behalf, and that by reason of such intercessions she was persuaded against her best judgment to permit defendant to again live with her; that notwithstanding his promises and those of their relatives and friends, defendant did in a short time after she had permitted him to return to her, to wit, during the months of October, November, and December, 1921, renew and increase his cruel treatment of her, that during such time he cursed and abused her in private and publicly and again accused her of living in adultery, and again assaulted her; that in November, 1921, he struck her in the face and that at such time and while she was confined to her bed in a hospital, defendant cursed and abused her, and, in the presence of the hospital employees, accused her of living in adultery, and renewed his threat to kill her; that because of said sundry acts of cruelty, accusations, and threats, she did, on the 20th day of December, 1921, separate from defendant; and that since said date she has not lived with him as his wife.'

On the 16th day of March, 1922, the defendant filed an answer in which it is recited that by leave of the court he files the same as his first amended plea in abatement, and as his supplemental answer to plaintiff's third amended petition. There is no other answer found in the transcript.

The answer consisted, first, of a plea in abatement upon the grounds (a) that the third amended petition upon which plaintiff went to trial showed on its face that after the original petition was filed the parties became reconciled and lived together as husband and wife and thus the plaintiff had condoned such wrongful acts of defendant as occurred prior thereto, (b) that said petition shows on its face that all acts of defendant complained of by the second amended petition, filed on the 2d day of December, 1920, had been condoned by the plaintiff; second, of a plea of general demurrer; third, of several special exceptions to the petition by which it is insisted that the several allegations of cruel treatment, abusive language, accusations of adultery, and threats, in said petition, are so vague and indefinite as to the nature of the alleged acts, language, accusations, and threats and as to the time and place of such alleged occurrences, as not to furnish defendant with sufficient facts to enable him to make answer thereto.

Answering to the merits, defendant denied that he ever accused the plaintiff of adultery, but says that he did remonstrate with her, complaining of her associating with certain persons, and that, by reason of such remonstrations, plaintiff became enraged and struck and abused him, and that such force as he used against plaintiff' was only such as was necessary to repel the attack made upon him by plaintiff. He specially denied that he cursed or abused plaintiff or accused her of adultery during her confinement in the hospital, or that he so accused her in the presence of the hospital employees.

The cause was tried before a jury, to which all issues raised by the pleadings of the parties and the evidence was submitted, in a lengthy charge covering every phase of the controversy. Whereupon the jury returned the following verdict:

"We, the jury, find for the plaintiff for divorce and for the custody, control, and education of the minor children, J. B. and Palmer, and do we further find that the homestead of plaintiff and defendant· shall be set aside to the plaintiff for the use of herself and her minor children during the period of their minority. And we find that the said homestead should be so set aside to the plaintiff, free of all incumbrances."

Upon the verdict so returned, the court rendered judgment dissolving the bonds of matrimony existing between the plaintiff and defendant; awarding to the plaintiff, Nannie Mae Ciulla, the care, custody, control, and education of the two minor children, J. B. Ciulla and Palmer Ciulla, free from any interference by the defendant Jack Ciulla; awarding to the plaintiff the right to occupy and use the family homestead free from any incumbrance thereon; awarding to the plaintiff the use of the household and kitchen furniture and one cow and calf, 'belonging

to the parties, until the youngest of said children shall become 21 years of age; and enjoining the defendant, Jack Ciulla, from going upon or about the homestead premises and from speaking to or in any manner interfering with her, or disturbing her in her right of possession of said properties.

It is recited in the judgment that the property belonging to the community estate of the parties, other than the homestead, is not of sufficient value to pay the incumbrance resting upon the properties, and that a partition and distribution of said estate, or any part thereof in kind, is impossible and impracticable; that there are certain defects in the title to a part of the real estate, and that therefore W. W. Thomas is appointed special commissioner to take possession of and make sale of all the real estate belonging to said community estate; that he shall sell said property at a private sale for cash, or upon terms of one-fourth cash and the balance in deferred payments not to exceed two years; that such sale shall be made so that an equitable partition may be made of the proceeds of such sale. The judgment then continues as follows:

"It is further ordered, adjudged, and decreed by the court that the defendant, Jack Ciulla, be, and he is hereby, awarded the law library situated in his office and being community property of the plaintiff and defendant, and that in any distribution and partition hereafter made of any moneys realized from the sale of real estate, the plaintiff, Nannie Mae Ciulla, shall be awarded and allowed the sum of $400 in cash to be paid from the proceeds of the sale of such property before any partition or division shall thereafter be made of any part of it; and she shall receive any and all sums of money derived by the commissioner from the sale of the homestead, consisting of lots 2, 3, 4, 5, and 6 in block 106 of the Brooksmith addition to the city of Houston, Harris county, Texas, and that of such amount as may be received from the equity of the plaintiff and defendant in said homestead, shall be awarded to the plaintiff herein as her separate property, and that a partition and division of any surplus thereof shall be made by first paying over to Nannie Mae Ciulla the sum of $400 as compensation for the law library retained by the defendant, and any surplus remaining thereafter, after compensating said commissioner and paying all costs incurred herein is to be equally divided between the plaintiff and the defendant, share and share alike."

From the judgment so rendered, Jack Ciulla has appealed.

By the first, second, and third assignments it is insisted that the court erred in the following particulars: (1) In overruling the defendant's plea in abatement; (2) in overruling defendant's general demurrer; and (3) in overruling defendant's special exceptions to appellee's petition, in that the allegations of cruel treatment are too vague and indefinite, in that the time, place, or the nature of the acts of cruelty are not sufficiently stated to enable defendant to either affirm or deny same.

We do not think that any of the contentions made by said three assignments are tenable. It is shown that the term of the court at which the cause was tried began on the 6th day of March, 1922. It was also shown that the court had a regular law day for the disposition of all demurrers, exceptions, and dilatory pleas before the days set for trial of causes on their merits. It is shown that this case was called for trial on its merits March 21, 1922; that the plaintiff announced ready for trial, and that the defendant also announced ready for trial, subject to his dilatory pleas. The bills of exception complaining of the action of the court in overruling said pleas are qualified respectively as follows:

(1) "The court refused to pass upon or rule on said plea in abatement for the reason that such court has a regular law day, and where such pleas are not presented until an announcement of ready by both parties they are considered waived. The defense of condonation pleaded by the defendant was considered in the trial of the case on its merits."

(2) "The demurrer was not called to the court's attention on law day of this term of court, and was not called to the attention of the court until after the case had been called for trial and announcements had been called for, and the court refused to consider the same at that time and made no ruling thereon but took it with the main case."

(3) That it is the practice of the court to take up demurrers and exceptions only on regular law days, and that the court has a regular law day on which to hear and dispose of demurrers.

[1] Article 1945, R. S. of Texas, provides that cases to be tried by juries shall be set for trial on designated days, and that in such cases all questions of law, demurrers, exceptions to pleadings, etc., shall, as far as practicable, be heard and determined by the court before the day designated for the trial. See Pryor v. Jolly, 91 Tex. 86, 40 S. W. 959; Briggs v. Rush, 1 Tex. Civ. App. 19, 20 S. W. 771.

[2] The defendant offered no excuse or explanation why his plea in abatement and his exceptions to pleadings were not presented prior to the day set for the trial of the case by a jury. Under such circumstances we will not hold that the court erred in refusing to entertain said plea and exceptions. We are also of opinion that the petition alleged a cause of action not subject to the defendant's plea in abatement, to a general demurrer, nor to the special exceptions addressed thereto, and for these reasons no reversible errors were committed by the court in the rulings complained of by the three assignments.

By assignments 4 to 19 inclusive, appellant complains of the action of the court in permitting several witnesses to testify as to

acts of cruelty, threats, and other alleged misconduct by the appellant; such complaint being based upon the contention that the matters and things testified to by the several witnesses were not alleged with that certainty required by law, so as to entitle the plaintiff to make proof thereof. There is no merit in such contention.

[3] The testimony, the admission of which is complained of, was admissible under the general allegation of continuous cruel treatment for a number of years. We think the allegations as to the nature of the cruel treatment, threats, and slanderous accusations complained of were sufficiently specific to admit proof of the matters alleged.

By the twentieth assignment appellant contends that "the verdict of the jury is contrary to the law and the evidence, in that the undisputed evidence shows that plaintiff and defendant were guilty of mutual recrimination, that they quarreled and fought together on numerous occasions, and that the acts of plaintiff were of the same general character as those of defendant." The contention here made is untenable. The court submitted to the jury the question as to whether the parties were guilty of mutual recrimination, and the jury found, on sufficient evidence, against the contention of appellant.

[4] By the twenty-first assignment it is contended that the court erred in overruling appellant's motion to set aside the verdict of the jury and the judgment rendered, "because said verdict was contrary to the law and the evidence."

This assignment is too general to be considered. It does not point out in what respect the verdict or judgment is not supported by the evidence and the law. Bee Candy Co. v. Mailbaum (Tex. Civ. App.) 158 S. W. 576; Shuler v. City of Austin (Tex. Civ. App.) 201 S. W. 445; Settle v. San Antonio T. Co. (Tex. Civ. App.) 126 S. W. 16; Blain v. Blain (Tex. Civ. App.) 43 S. W. 66; Allen v. Williams (Tex. Civ. App.) 218 S. W. 645; Washington v. Giles (Tex. Civ. App.) 220 S. W. 439. If, however, we should consider the same, it would be overruled, as we think there was ample evidence to support both the verdict and the judgment.

[5] By the twenty-second assignment appellant contends that the court erred in the disposition made of the homestead by the judgment, in that, by such judgment appellant was divested of title to real estate contrary to the provisions of article 4634, Vernon's Sayles' Civ. Statutes 1914, which provides that no party in a divorce suit shall be compelled to divest himself or herself of the title to real estate.

The contention here made is untenable. The trial court found that all the real estate belonging to the community estate of the parties was so incumbered and of such doubtful title as to render a partition of the same, in kind, impossible and impracticable, and therefore it was necessary to have the same sold for the purpose of making an equitable partition. We know of no law that would inhibit such sale for the purposes stated under the facts as found by the court in the present case. While it is true that the judgment directs that, after the sale of the homestead by the trustee appointed to make sale thereof, the proceeds of such sale remaining after paying the incumbrance resting on the same shall be paid to the wife as her own property. We think the purpose and effect of that part of the judgment is to order the remaining proceeds paid to the wife for the maintenance and education of the minor children, whose care and custody had been awarded to appellee By article 4634, supra, it is provided that the court pronouncing—

"a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such a way as to the court shall seem just and right, having due regard to the rights of each party and their children, if any; provided, however, that nothing herein contained shall be construed to compel either party to divest himself or herself of the title to real estate."

We do not, however, construe the article quoted as prohibiting the sale of the real estate for the purpose of partition where, as in the present case, it is found that no equitable partition of such property could be made in kind, but we do construe it to empower the court to order a division of the estate of the parties in such way as to the court shall seem just and right, having due regard to the rights of each party and their children, regardless of whether such property consists of the proceeds of the necessary sale of the real estate or of other property.

In Smith v. Smith (Tex. Civ. App.) 91 S. W. 815, it was held that in a decree of divorce, wherein it is adjudged that the homestead is community property, an order directing a sale of such homestead for partition does not divest the parties or either of them of title to real estate as forbidden by article 4634, supra, but that such sale merely provides for a division of the property as prescribed by such article.

Such division of the community property may be made as may be equitable and just, having reference to the condition of the parties and the support and education of the children. Trimble v. Trimble, 15 Tex. 18; Fitts v. Fitts, 14 Tex. 443; Simons v. Simons, 23 Tex. 344; Young v. Young (Tex. Civ. App.) 23 S. W. 83.

[6] By assignment 23 contention is made that the court erred in enjoining appellant from going on or about the premises occupied by appellee and the minor children. We overrule the assignment. No complaint was made of that part of the judgment awarding an injunction in the lower court by motion for new trial or otherwise, nor is there any

assignment in the record raising any such question.

[7] By the twenty-fourth and last assignment appellant insists that, although no request was made therefor, the court erred as a matter of law in not submitting to the jury the question as to whether or not appellee had been a bona fide inhabitant of the state of Texas for a period of twelve months and in the county of Harris for six months next before filing this suit.

There is no merit in such contention. The plaintiff testified that she had lived in Harris county, in the state of Texas, for six years next preceding the filing of her petition, and her testimony on this point is undisputed. It is therefore apparent that there was no necessity for the submission of such question to the jury.

Having reached the conclusion that there was no reversible error committed in the trial of the cause, the judgment is affirmed.

Affirmed.