### W. S. HERNDON v. T. M. CAMPBELL, RECEIVER.
#### No. 57.

**1. Striking Petition from the Files.**

The District Court has no power to dismiss a suit by striking the petition from the files on account of scandalous matter therein when the petition shows a cause of action...................................... 169

**2. Scandalous Matter in Pleadings.**

The only lawful course, where scandalous language is contained in the pleadings, is to expunge the objectionable matter. Of the motion to expunge the offending party and his counsel should have notice... 170

CERTIFIED QUESTIONS from Court of Civil Appeals for Fifth District, in an appeal from Smith County.

STAYTON, CHIEF JUSTICE.—The following questions are certified by the Court of Civil Appeals:

"1. Where the petition of a plaintiff in the District Court states a good cause of action upon its face, but contains also matter which is impertinent and personal, and reflects upon the judge of said court, to the extent that it amounts to a contempt, has such court, in term time, the power to strike such petition from the files of the court; or can it only expunge the objectionable matter?

" 2. If such District Court has the power to strike such petition from the files, can such action be taken ex parte as soon as such objectionable matter is brought to its attention, and without notice to the plaintiff ?"

From the papers sent up with the questions propounded, and referred to for the better understanding of the matter, it appears that the defendant, by motion to strike from the file the petition containing the objectionable language, brought to the notice of the court the language deemed objectionable, and the motion further prayed that plaintiff and his attorney be cited to show cause why they should not be committed for contempt.

No notice of that motion seems to have been given, when the court directed the petition to be stricken from the files and returned to the plaintiff; and it was then further ordered that plaintiff and his attorney should be cited to appear and show cause why they should not be punished as for contempt because of the filing of the petition.

After this plaintiff appeared and moved the court to vacate the order striking his petition from the file, and to reinstate his action; but this motion was overruled.

The action of the court operated as a dismissal of plaintiff's action, and this the court had no lawful power to do, even though the language used in the petition was scandalous, or even such as would authorize the court to punish the plaintiff and his counsel for contempt committed in its use in the pleading.

It is evident that the court did not intend to punish the plaintiff or his counsel for contempt by striking the petition from the files; for the order through which that was done shows that the question of contempt, as well as the punishment to be inflicted, seems left open to be determined after notice to plaintiff and his counsel.

Whether the course pursued by the court was proper does not depend on the character of the language used in the petition; nor does the fact that its use would have justified the court in punishing as for contempt both plaintiff and his counsel affect the question submitted.

Many cases have arisen in which irrelevant papers on motion were directed to be stricken from the file; but no case is remembered in which, unless by consent, a pleading stating a cause of action or defense was stricken from the file because it contained impertinent or even scandalous language.

The only lawful course in such cases is to expunge the objectionable matter.

" Upon the production of an order allowing exceptions for scandal, it is the duty of the officer having the custody or charge of the pleading or other matter to expunge such parts thereof as the court has held to be scandalous; and when he has done so, he usually writes a memorandum

in the margin of the document, opposite to the expunged passage, to the effect that the same has been expunged pursuant to order, adding its date, and signs the memorandum." Dan. Ch. Prac., 354.

The same course is pursued in courts of equity of the United States. Equity Rule 26.

Thus is blotted out the scandalous matter, and the purpose of the law accomplished as fully as would it be by striking the pleading from the file; and so, without depriving the offending party of any legal right, or releasing him from liability to punishment for contempt.

Under the English practice, exceptions on account of impertinence or scandal must be in writing, filed, and of this notice given as provided by orders and rules of court. Dan. Ch. Prac., 352; Bradstock v. Whalley, 6 Beav., 61.

Under the rules of practice governing courts of equity of the United States, no order will be made refusing any pleading or other matter for scandal or impertinence, unless the exception be taken in writing, signed by counsel, pointing out the matter deemed scandalous or impertinent, which must be filed on or before the next rule day after the process on the bill shall be returnable, or after the answer or pleading is filed. Equity Rule 27.

Such filing operates as notice in such cases under Equity Rule 4.

Notice of motions or exceptions seeking to have scandalous matter expunged is important to the party against whom this is sought, and should be given; but this may be given as provided in rule 21, relating to practice in the District and County Courts.

Delivered November 16, 1893.