COBBS, J.
 

 This suit was instituted by ap-pellees against appellants to restrain the execution of a writ for possession issued upon a judgment for delinquent taxes upon the alleged ground of the invalidity of the deed growing out of the insufficiency of the description of the land and because the land described in the deed is not the same block as described in the petition. It was also instituted for the purpose of setting aside the sale made to the Emigrant Trust Company under the judgment rendered in the tax suit referred to in appellant’s statement, of canceling the subsequent conveyance of said Emigrant Trust Company to appellant, and to recover or redeem the title to the east 60 feet of lot “E,” block No. 1, new city block 2936, in the city of San Antonio, Bexar county, Tex., from the said Emigrant Trust Company and appellant, alleging in their original petition: That the Uvalde Rock Asphalt Company was at the time of and after the institution of the tax suit aforementioned the owner and holder of a valid paving lien upon and against the above-described property duly of record in the office of the county clerk of Bexar county, Tex., and that appellees were also the owners and holders of a valid lien upon and against said property duly of record in Bexar county, Tex., at the time of and after the institution of said tax suit, second and inferior to said paving lien, and that neither the said Uvalde Rock Asphalt Company nor ap-pellees were made a party to said tax suit nor served with cita'tion therein or notice thereof. That suit was instituted by said Uvalde Rock Asphalt Company for the purpose of foreclosing its said lien, and appel-lees were made parties thereto because of their interest in the property aforesaid, and appellees purchased said property at the foreclosure sale therein for the purpose of protecting their said interest in said property, and that such tax suit and sale thereunder to the Emigrant Trust Company did not bind appellees and were voidable at their instance. Appellees also alleged: That the sale made to the Emigrant Trust Company was made under and by virtue of a second order of sale after a first order of sale had been returned by the sheriff because there had been no bidders for said property, and that, under article 7689 of the Revised Civil Statutes of Texas of 1911, as amended by the Acts of the Legislature of 1923, Second Called Session, chapter 13, § 5, and Third Called Session, chapter 21, § 1, the issuance of said second order of sale was wholly unauthorized and the sale made thereunder of no force nor effect and such sheriff’s deed passed no title to said Emigrant Trust Company.
 

 Appellees prayed in the alternative for a foreclosure of their liens above described and that said property be sold and the proceeds thereof applied to the payment of the indebtedness secured by such liens.
 

 Appellant filed appropriate pleadings, and upon the trial the court entered judgment In fhvor of appellees against the Emigrant Trust Company and State Mortgage Corporation for the title and possession of the land described in plaintiffs’ petition, and also set aside the second order of sale issued out of the delinquent tax suit under which the land was sold; also set aside the. sheriff’s deed conveying said land to Emigrant Trust Company and the deed to the State Mortgage Corporation, and also perpetuated the injunction that had been issued restraining the execution of the writ of possession.
 

 The court, after deducting the costs of court from the amount of money tendered by appellees, placed the remainder in the registry of the court for the benefit of appellant. ⅜
 

 In regard to appellant’s contention in regard to the sufficiency of the sheriff’s deed and its description, in the absence of proper objection being made at the time and reserved in the trial court, it cannot now for the first time be raised in this court. Bland v. Grace (Tex. Civ. App.) 238 S. W. 722. It does not involve a question of fundamental error.
 

 
 *262
 
 In regard to appellant’s first, second, third, and fourth propositions, that the title to said property described as “The East 60 feet of Lot 2 in Bloch No. 1, New City ' Block No. 2936, within the corporate limits of the City of San Antonio, Bexar County, Texas,” and a sheriff’s deed introduced to suppqrt it as “all the'Estate, right, title and interest which Berg P. Richard and Mrs. Eierg P. Richard (Viola Richard) had on the 2nd day of November, A. D. 1922, or any time after-wards of in and to the East part of Lot 2, Block 2936, fronting 131 feet on the west side of Aganier Avenue in the City of San Antonio, Baxar County, Texas,” the undisputed evidence showed that the Richards owned’ and held on November 2, 1922, and afterwards, the record title to that part of said lot “E,” block 2936, in the city of San Antonio, Bexar county, Tex., described in appellees’ petition, and the description in the sheriff’s deed was sufficient to pass the title to the property described.
 

 Appellees in this suit sought to recover and to quiet title' to property described in their petition as “The east 60 feet of lot ‘E,’ in Block No. 1, New City Block No. 2936, within the corporate limits of the City' of San Antonio, Bexar County, Texas.” Appellees introduced in evidence a sheriff’s deed dated January 5, 1926, executed by James Stevens, sheriff of Bexar county, Tex., conveying to the estate of Foard Townsend, deceased, of ■which appellees are the independent executors and in which Capacity they brought this suit, “all the estate, right, title and interest which the said defendants (Berg P. Richard and Mrs. Bérg P. Richard) had on the 2nd day of November, A. D. 1922, or at any time afterwards, of, in and to the following described premises, as described in the said order of sale, viz.: The east part of lot E, Block 2936, fronting 131 feet on the West side of Aganier Avenue, in the City .of San Antonio, Bexar County, Texas.”
 

 Appellees also introduced in evidence a deed dated October 18, 1921, executed by E. Eugene Briscoe, Sr., conveying to Berg P. Richard property described as “Lot ‘E,’ New City Block No. 2936, on the North side of Aga-rita Avenue excepting from said lot E, a strip fifty-seven (57) feet wide between parallel lines running North from Agarita and on the West side of said Lot E; the said property herein described being sixty (60) feet more or less, fronting on the North side of Agarita Avenue out of said lot E and being within the corporate limits of the City of San Antonio in Bexar County, Texas.”
 

 Appellees also introduced in evidence a deed dated March 29, 1923, executed by Berg P. Richard and wife, Viola A. Richard, conveying to E. Eugene Briscoe, Sr., property described as “Lot E New City Block number 2936 on the North side of Agarita'Avenue, excepting from said Lot E a strip fifty-seven (57) feet 'wide between parallel lines running North from Agarita Avenue and on the West side of said Lot E; the said property herein described being sixty (60) feet more or less, fronting on the North side of Agarita Avenue out of said Lot E and being within the corporate limits of the City of San Antonio in Bexar County, Texas.” .
 

 It is a rule of law well settled that a description of land is sufficient that can be made certain. Bitner v. New York & Texas Land Co., 67 Tex. 341, 3 S. W. 301; McElroy v. Daneiger (Tex. Civ. App.) 241 S. W. 1101.
 

 Most like this case is 'the one of Harris et al. v. Shafer et al., 86 Tex. 315, 23 S. W. 980, 24 S. W. 264, wherein Justice Brown, delivering the opinion of the court, held by the description “the upper part of said survey” nothing would pass. It was not a square survey nor was there anything therein stated to aid its description.
 

 The court says in Moore v. Unknown Heirs of Gilchrist (Tex. Civ. App.) 273 S. W. 308, a deed is not void for insufficiency of description if data is found from which the land can be identified. The sheriff’s deed showed that it was the intention of the grantor to convey the part of the east part of lot E, new city block 2936, which was owned on and after the 2d day of November, A. D. 1922, by Berg P. Richard and his wife, Viola Richard, and the evidence shows beyond dispute or question that said Berg P. Richard and wife owned the east 60 feet of said lot E, new city block 2936, during the period from October 18, 1921, until March 29, 1923, and that they were the record owners of said east 60 feet of said lot on and after November 2, 1922.
 

 When land is sold under an order of sale for delinquent taxes and there is a junior holder of title who was not made a party to the suit, he or his vendees, if not barred by the statute of limitation of 2 years, have the right of redemption, and are not barred ‘by article 7696, R. S. 1911, from exercising the right. Neither the Uvalde Rock Asphalt Company, under whom appellees claim their title and right in the property in controversy, nor appellees themselves were made parties to said tax suit and therefore are not bound by the proceedings had therein, and their rights in the said property are not affected thereby. Such is the effect of the holdings in all of the above cases. And the fact that such proceedings were in a tax suit brought by the state of Texas does not in any manner alter the rule. Blair v. Guaranty Savings Loan
 
 &
 
 Investment Co., 54 Tex. Civ. App. 443, 118 S. W. 610, and Adams v. West Lumber Co. (Tex. Civ. App.) 162 S. W. 976.
 

 The tax deed not being conclusive against attack on the ground of illegality in the proceedings in the tax suit and the second order of sale unauthorized rendered the sale thereunder of no force or effect. Appellant pre
 
 *263
 
 sents no proposition attacking the ruling of the trial court on this point, so that there is nothing left for us to do but to affirm its judgment. Day v. Mercer (Tex. Civ. App.) 175 S. W. 764; O’Brien v. First State Bank of Taylor (Tex. Civ. App.) 241 S. W. 556; Bernard v. Westbrook Hotel Co. (Tex. Civ. App.) 258 S. W. 870; Gulf, C. & S. F. Ry. Co. v. Harrell (Tex. Civ. App.) 270 S. W. 187.
 

 A careful investigation of this record convinces us that the findings of fact and conclusions of law of the trial court, set out in its judgment, are fully based upon and established by the facts of the case, and they are in all things approved by this court. We have considered all the material points raised, and, finding no reversible error assigned that should cause a reversal, the judgment of the trial court is affirmed.