**A. F. JONES & SONS et al. v. REPUBLIC SUPPLY CO.**

**No. 4772.**

Court of Civil Appeals of Texas. Beaumont.

Oct. 11, 1951.

Rehearing Denied Oct. 31, 1951.

Cecil, Keith & Mehaffy, Beaumont, for appellants.

Orgain, Bell & Tucker, Beaumont, for appellee.

PER CURIAM.

Appellee Republic Supply Company has filed its motion to dismiss the appeal of the appellants, A. F. Jones & Sons, et al., and such motion shows the following facts:

Appellee sued the appellants in the County Court of Jefferson County at Law, the cause was tried before a jury and upon the jury's verdict judgment was rendered in favor of appellee Republic Supply Company, and against the appellants A. F. Jones & Sons, et al., on January 30, 1951. No motion for new trial was filed by the appellants within two days from the date of entry of such judgment. On February 5, 1951, the sixth day after judgment had been entered the court granted to the appellants leave to file a motion for new trial, which motion was filed on February 14, 1951, the fifteenth day after judgment was rendered and entered. On March 30, 1951, the motion for new trial was overruled and notice of appeal was given. This was the fifty-ninth day after entry of judgment. An appeal bond was filed April 19, 1951, the seventy-ninth day after judgment was entered. The statement of facts and transcript were filed in this Court on May 28, 1951.

The County Court of Jefferson County at Law, in its procedure, is governed by the provisions of Rule 320, Texas Rules of Civil Procedure, by which rule it is required that motions for new trial must be filed within two days after entry of judgment. Rule No. 5, Texas Rules of Civil Procedure, reads as follows: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act; but it may not enlarge the period for taking any action under the rules relating to

new trials or motions for rehearing except as stated in the rules relating thereto or the period for taking an appeal or writ of error from the trial court to any higher court or the period for application for writ of error in the Supreme Court, except as stated in the rules relating thereto; provided, however, if a motion for new trial, motion for rehearing, any matter relating to taking an appeal or writ of error from the trial court to any higher court, or application for writ of error is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail one day or more before the last day for filing same, and the envelope or wrapper containing same bears a postmark showing such deposit, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. As amended by order of October 12, 1949, effective March 1, 1950."

We think the significant part of this rule as applied to the present controversy is that part reading, " * * * but it may not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing except as stated in the rules relating thereto * * *."

It is thus seen that in the present controversy the trial court granted to the appellants leave to file a motion for new trial on the sixth day after judgment was rendered and entered, although Rule 320 required the motion for new trial be filed within two days after entry of judgment. If the trial court was authorized to grant such leave to file motion for new trial, then the record of the appellants has been properly filed in this Court and the motion to dismiss should be overruled. If, on the other hand, the trial court was without authority to extend the time for filing a motion for new trial beyond the two days period of time provided in the rule, then the notice of appeal and filing of the appeal bond and the filing of the record in this Court all come too late. Notice of appeal given on March 30, 1951, was on the fifty-ninth day after the entry of judgment and the appeal was filed on April 19, 1951, the seventy-ninth day after entry of

judgment since Rule 356 requires that the appeal bond be filed within thirty days from the date of entry of judgment and Rule 353 provides for notice of appeal within ten days after entry of judgment. The statement of facts and transcript were filed in this Court on May 28, 1951, which was more than sixty days after the entry of the judgment and long after the time allowed under Rule 386 for filing such record in this Court.

We believe that the Supreme Court, in the case of Reynolds v. Dallas County, 146 Tex. 372, 207 S.W.2d 362, has determined this controversy, and that under the authority of that decision the judge of the trial court was without authority to grant to the appellants leave to file a motion for new trial after the expiration of two days from the date of the entry and rendition of the judgment. In that case the Supreme Court fully considered the language of Rule 458, Texas Rules of Civil Procedure, construed in connection with Rule No. 5, Texas Rules of Civil Procedure, and held in plain language that a motion for rehearing in the Court of Civil Appeals must be filed within fifteen days, or a request for an enlargement of time must be made within that period. We believe that the language in Rule 320 is just as clear and specific as the language in Rule 458, and that under the ruling of the Supreme Court in the Reynolds v. Dallas County case, supra, Rule 5 and Rule 320 must be construed together to mean that the time for filing a motion for a new trial as prescribed by these rules cannot be enlarged by the trial court beyond the wording of the rules themselves.

The appellants have relied upon the case of Gage, v. Dallas Power & Light Co., Tex. Civ.App., 241 S.W.2d 196, which holds to the contrary. We have considered this carefully and do not believe it is authority for the proposition stated, in the light of the Supreme Court's opinion in Reynolds v. Dallas County, supra.

It follows, therefore, that the appellee's motion to dismiss the appeal should be granted and such appeal is accordingly dismissed.