## DYCHE v. SIMMONS.

### No. 15472.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 8, 1954.

Rehearing Denied Feb. 5, 1954.

Durward H. Dyche, Denton, for appellant.

Coleman & Whitten, Denton, for appellee.

MASSEY, Chief Justice.

Durward H. Dyche, as plaintiff, sued C. O. Simmons, as defendant, in the District Court of Denton County, Texas, for attorney's fees based on plaintiff's sworn account, and (in the alternative) in quantum meruit. Based upon a jury verdict on special issues, judgment in favor of the de-

fendant was rendered by the court, from which judgment the plaintiff has appealed.

The appellee herein, defendant in the trial court, filed a motion to dismiss the appeal.

Motion to dismiss the appeal denied.

Judgment affirmed.

■ The District Court of Denton County, Texas, is a trial court coming within the Special Practice Act, now embodied in T. R. C. P. 330 et seq., and is a court wherein motions for new trial as prerequisites to an appeal from a judgment based upon a jury verdict are required to be filed within ten days next subsequent to date of entry of judgment. The judgment in the case was rendered on January 16, 1953. A motion for new trial was filed on January 15th. For purposes of the appeal, the Original Motion for New Trial by appellant will be considered as having been filed on the same day but subsequent to entry of the judgment. T.R.C.P. 306c.

■ On or about February 13, 1953, an amended motion for new trial was filed with leave of the court, but in so far as any appeal might be considered, such amended motion must be disregarded since it was filed in excess of twenty days after date of the filing of the Original Motion. T. R. C. P. 5 and 330(k); A. F. Jones & Sons v. Republic Supply Co., Tex.Civ.App. Beaumont, 1951, 243 S.W.2d 196, affirmed in Tex.Sup., 246 S.W.2d 853; 6 S.W.Law Journal, p. 193 et seq.; Dallas Storage & Warehouse Co. v. Taylor, 1934, 124 Tex. 315, 77 S.W.2d 1031; Independent Life Ins. Co. of America v. Work, 1934, 124 Tex. 281, 77 S.W.2d 1036.

■ It appears that appellant filed his Appeal Bond February 20, 1953, which was within thirty days after the Original Motion for New Trial was overruled by operation of law on February 15, 1953. When he did this he perfected his appeal in so far as the trial court was concerned. T.R.C.P. 363.

Prior to date of receipt of a Transcript and Statement of Facts in this appellate court, we granted a motion of the appellant for an extension of time for the filing of the record. On the last day of the extended period granted, the Transcript and a Statement of Facts were received for filing by the clerk of this court.

As to the Transcript so received, an examination of it revealed that same did not contain the judgment of the trial court, the motion for new trial and order of the court thereon (if any), the notice of appeal with the date of giving or filing same, nor any statement of the parties as to the matter to be included in the record. Under Rule 376, Texas Rules of Civil Procedure, the clerk of the trial court should include in a transcript these items we have set out as absent in the Transcript received by the court. No instrument in the Transcript explained an occasion for omission of such items.

■ In view of this state of the Transcript so received and of the apparent default on the part of the clerk of the trial court, this court upon its own motion and because of the items missing from the Transcript notified the attorney for the appellant and the attorney for the appellee in the premises, under the provisions of T.R.C.P. 388, to the end that they might take steps to amend the record in question if such could be done, and allowed a reasonable time for such to be done. The order entered was to the effect that for the purposes of such correction of the Transcript to show jurisdiction of the appeal in the Court of Civil Appeals, the time granted by way of extension was to date of June 16, 1953. Both the Transcript and the Statement of Facts received by the clerk of this court were held by the clerk for filing, subject to demonstration of appellant's right to have same filed by the filing of a supplemental transcript inclusive of the missing items. Of course the tendered Statement of Facts could not be filed until such was supported by a constructively "first filed" Transcript. In this instance reference to a Transcript so filed obviously was necessary in order to determine whether the tendered Statement of Facts should or should not be filed.

On June 12, 1953, there was received for filing by the clerk of this court a "First Supplemental Transcript" by way of transmittal from the attorney for the appellee, who was the defendant in the trial court. This Supplemental Transcript contained the designation made by such appellee, as the defendant in the trial court, of matter designated by such defendant to be included in the Statement of Facts. Said designation was for a full and complete statement of facts in question and answer form. It was addressed to the court reporter and filed with the clerk of the court as is the contemplation of the Rules of Civil Procedure. It is to be noted that it is the only such designation made by either party to the appeal apparent from the Original and Supplementary Transcripts.

Also, and on the same day, there was received from the appellee a Motion to Dismiss the Appeal for the reason that the appellant had not, at the time he first requested a transcript, requested the clerk of the trial court to put in the Transcript the items we had noted as missing and because of which we had granted the extension to June 16th for amendment of the record in correction. Appellee likewise predicated his Motion to Dismiss the Appeal on the ground that the appellant had not requested any statement of facts at all until so much time had passed after judgment and time related to the motion for new trial that the court reporter did not have time to prepare the statement of facts within a proper time for an ordinary appeal, and for the further reason that the appellant had refused to pay the court reporter for the full and complete statement of facts designated by appellee, but agreed only to pay for such character of statement of facts that the appellant had designated as desired by him on the appeal. The appellee fortified his Motion by attaching the verified affidavit of the court reporter relating to such matters. Alternative to the motion as a Motion to Dismiss the Appeal, the appellee moved that this court refuse to file the Statement of Facts tendered by the appellant because it did not comply with requirements of his designation as to matters included therein, had never been agreed to by him as a Statement of Facts in the case, and was not a Statement of Facts certified to and meeting the requisites of a Statement of Facts in the cause, further moving that any statement of facts to be considered upon the appeal must be at least such as amounted to a full and complete Statement of Facts.

The appellant did file within time authorized by this court a further Supplemental Transcript containing instruments showing compliance with requisites of T.R.C.P. 388, and the originally tendered Transcript and the two Supplements thereto were ordered filed. The Statement of Facts tendered was not filed. The filing of a transcript is a function necessary of performance as one of the steps of procedure in appeal and if it appears from its face that an appeal has been duly perfected, then it may be filed in the court of civil appeals and even dated back to the date it was originally received by the clerk in cases where amendment is required by an appellate court as a predicate to its filing. The appeal does not necessarily depend upon a filing of a Statement of Facts. A Statement of Facts is only requisite when it is necessary to the appeal. If none is filed the events associated with the introduction of the evidence will be deemed to have been proper in all respects, and the evidence will be considered to fully support the judgment entered. If no Statement of Facts is offered or if the filing of a Statement of Facts is not allowed, then there is nothing in the record which supports any point on appeal necessary to be determined by a reference to a Statement of Facts.

Of course, in the instant case we could not determine whether the Statement of Facts should be filed until a satisfactory Transcript was presented and allowed to be filed. Then, by reference to information in the Transcript itself, as well as by reference to the matters within the authentication and agreement part of the Statement of Facts itself it would be determined whether it should be filed. Upon our finally filing the transcript and supplements as the

Transcript on the appeal, it was apparent therefrom and from the tendered Statement of Facts that the appellee had not by any action—of either commission or omission—waived any of the requirements of law incumbent upon an appellant and applicable to warrant a delayed filing of a statement of facts, nor had the prerequisites of T.R. C.P. 377 been complied with as to the Statement of Facts tendered, irrespective of delay. Appellee had not signed or otherwise agreed that the Statement of Facts tendered might be considered as the Statement of Facts on the appeal. On the contrary, and prior to correction of the Transcript tendered by the Supplementary Transcript tendered in correction, the appellee filed his Motion heretofore discussed, in which he objected to our filing the Statement of Facts tendered because it did not comply with his request for a full and complete Statement of Facts as evidenced by the Supplementary Transcript.

Not only did it appear from the court reporter's own certificate that it was not an agreed Statement of Facts, but it likewise appeared that it was not a full and complete Statement of Facts, but instead only a partial statement. It likewise appeared that it had not been presented to the attorney for the appellee with opportunity given to him to agree or disagree with the appellant upon it. No reason appears demonstrating why such could not be done. The approval of the trial judge was given to the statement, but his approval went no further than an approval of such as a partial Statement of Facts.

Under these circumstances we refused to file the tendered Statement of Facts. Had same been filed it would have been subject to be stricken upon motion. However, the Rules of Civil Procedure contemplate certain protections of an appellee and the law is specific regarding the obligations of an appellant relating to the perfection of appeals by provisions as to the preparation and filing of the transcript and Statement of Facts for purposes including these.

The appellant has made a tender or offer of tender of a bond securing the payment to the court reporter of the District Court of Denton County for preparing that part of the Statement of Facts not requested by him, but which is demanded by the appellee. Appellant insists that appellee's requested matter is unnecessary to the appeal, and if included by the reporter should be paid for by appellee. The reporter cannot require his pay of the appellee. Appellee is under no duty to help an appellant perfect his appeal at any stage. His interest is to see that if appellant does appeal, such appellant meets all the requirements of law in carrying the case to an appellate court, where such appellee cannot gain anything, but only stands exposed to injury or loss. There is no way for an appellant to get a statement of facts considered by an appellate court where it does not contain the evidence requested by the appellee. At least this is true where it does not affirmatively appear on the face of the record on appeal that all the evidence which could possibly apply to the matters urged as error is included in the Statement of Facts tendered for filing. Such is not made to appear in this instance.

Since we have allowed the filing of the Transcript, though refusing to file the proffered Statement of Facts, the appellee's motion to dismiss the appeal is denied.

The points of error on appeal must be germane to one or more of the assignments of error which are presented as grounds for a new trial in the motion for new trial where such a motion is required by the Rules of Civil Procedure as predicate for the appeal. The motion for new trial to consider on this appeal is the Original Motion for New Trial. We have already seen that the Statement of Facts is not filed and is not considered on the appeal, and while we have jurisdiction of the appeal, the points on appeal that we may consider are only those for which support may be noted by reference to the

Transcript, there being no Statement of Facts before us.

The points of error taken in appellant's brief which are germane to one or more of the grounds he presented in his Original Motion for New Trial which could be examined by reference to the Transcript alone are substantially as follows: (1) The court erred in overruling plaintiff's motion for summary judgment; (2) the court erred in overruling plaintiff's motion to strike defendant's first amended original answer in its entirety; (3) the court erred in overruling plaintiff's special exceptions urged in plaintiff's first amended original petition and in first supplemental petition; and (4) the court erred in not accepting plaintiff's second supplemental petition attempted to be filed on January 6th.

■ Whether the trial court did err in overruling appellant's motion for summary judgment before the case was tried on the merits is not a matter for consideration on appeal. T.R.C.P. 166–A, Summary Judgment, is substantially Federal Rule 56, 28 U.S.C.A., from which it was adopted. Under this rule an order denying a motion for summary judgment is an interlocutory order, and as such is not appealable. Mellette v. Hudstan Oil Corp., Tex.Civ. App.El Paso, 1951, 243 S.W.2d 438, writ refused, n. r. e.; F. & T. Development Co., Inc., v. Morris, Tex.Civ.App.Fort Worth, 1952, 248 S.W.2d 233.

■ The trial court did not err in overruling appellant's motion to strike in its entirety the appellee's First Amended Original Answer. Said answer was in reply to the plaintiff's petition and stated a defense to appellant's cause of action. An amended answer or an amended petition is not in supplement of the pleading it amends and is not to be taken into consideration along with it. The amendment completely supplants the pleading it amends. This it does when it may be considered legally filed. T.R.C.P. 65. There is no question raised here concerning any illegality of, or irregularity in, the filing of the pleading. It is not claimed that it

fails to state a defense. The complaint in the motion is actually based on the contention that the answer contains scandalous matter in connection with the matter stating a defense. Under such circumstances the pleading in its entirety cannot be stricken and a motion to do so must be denied. 33 Tex.Jur. p. 563 et seq., secs. 129 and 130; 8 Tex.Jur. 1937–1947 Supp., Pleading, secs. 151 and 152; Herndon v. Campbell, 1893, 86 Tex. 168, 23 S.W. 980, answering certified questions.

■ The trial court did not err in overruling the special exception of the appellant directed to a certain paragraph of appellee's First Amended Original Answer wherein it was alleged that appellant had represented to appellee that there would be no charge made for services unless appellant was successful in effecting a recovery for appellee. A part of the defense was the contentions of the appellee in this respect. Appellant's reasons for excepting were: inconsistency with contractual provisions of employment, failure to detail appellee's conduct with reference to the subject of the employment and date at which he sought to end the employment, failure to set out that there had been an assignment of an interest in the cause of action by appellee to appellant and agreements relative to compromise of suits appellee had against third persons, etc. None of the reasons presented points out any defect, omission, obscurity, duplicity, or other insufficiency in the allegations in the paragraph in question, and the exception fails as such under these circumstances. Rather, the objection indicates defensive matter available to be pleaded or proved by the appellant to the affirmative allegation made by appellee.

■ Appellant also excepted to the same allegation of such answer because it does not comply with requirements of T.R. C.P. 93 as to replies to actions on sworn account, because appellee did not allege the account to be unjust in any particular. It is to be noted that a suit on sworn account presupposes a contract or series of contracts which is performed by the one party

who sues the other thereto for performance in turn of his obligations thereunder. Under T.R.C.P. 185 a verified denial other than as provided therein, even including a verified denial that there had been any performance as alleged by a plaintiff, does not overcome a prima facie case made by a plaintiff's petition properly filed. thereunder. Glasco v. Frazer, Tex.Civ.App.Dallas, 1949, 225 S.W.2d 633, error dismissed. The same thing would be true under the applicable section of T.R.C.P. 93. Yet, even with the contractual relationship and correctness of the account admitted, sworn allegation to the effect that the defendant would be relieved of obligation for any payment on the contract under certain conditions or contingencies, alleged also to have occurred, also would be a complete answer. 1 Tex. Jur., p. 357, sec. 61. Under such answer it may be that if such defense does not prevail a defendant would be defenseless as to the items of the stated account, but if such defense does prevail there would never be any occasion to go into the items comprising the account to determine the justness of such. In further respect to the particular exception in question, such related to a particular paragraph of appellee's answer, and the exception as so restricted would have no merit for under these circumstances we would not be required to search other portions of the answer to determine whether the answer as a whole failed to meet the requirements of T.R.C.P. 93 and 185, or to be certain that a defense of a nature superseding the requirements of such rules was not asserted elsewhere in the answer.

The trial court did not err in refusing to permit the filing of a Second Supplemental Petition by appellant, offered for filing the day set for jury trial, January 6, 1953. Under T.R.C.P. 63, an amendment or supplement to other pleadings in a case may be filed, when offered within seven days of the date of the trial, only after leave of the court is obtained, and which shall be granted only when the person offering the amended or supplemental pleading demonstrates that it will not operate as a surprise to the opposite party. From the face of the pleading in question it is noted that allega-

tions of fact therein add nothing to allegations of fact already within the pleadings, and that denial of right to file such did not limit the appellant in any degree in the evidence he might desire to introduce. This being so he could not have been prejudiced by reason of any restriction on his proof resulting from a refusal of leave to file the supplemental petition, and whether there would have been any operation of surprise to the appellee by an allowance of filing is of no need to consider.

The remainder of the pleading merely presents special exceptions to allegations contained in appellee's Amended Answer upon which he went to trial. Such answer was filed June 12, 1952. The appellant filed special exceptions to allegations thereof on September 15, 1952. On December 29, 1952, appellant filed his Motion to Strike said Amended Answer and in said motion appellant stated that in order for him to properly except to the allegations of such answer would require more pages of writing than the answer itself. On December 30, 1952, the appellant was granted leave to file and did file an instrument denominated Plaintiff's Supplemental Petition. In this instrument appellant specially excepted to allegations in the amended answer of appellee. The transcript indicates that the trial court set the date of January 2nd for the hearing of pretrial matters, including the exceptions of the appellant to the answer of the appellee. All the exceptions theretofore taken by appellant were overruled by the trial court on January 2nd. T.R.C.P. 248 provides that as far as practicable exceptions to pleadings, etc., shall be heard and determined before the day designated for trial by a jury. From decisions under Texas Revised Civil Statutes of 1925, Article 2164, from which the rule has its source, it may be observed that a court may properly refuse to entertain special exceptions which were not presented prior to the date set for trial where there was no reason why such could not be done, and especially so when there was a prior date set for such purpose. No error results from the court's refusal to entertain special exceptions presented at such a time without

adequate reason shown, especially when delay of a jury trial would probably be the result. In disallowing the filing of the Second Supplemental Petition the trial judge stated that it would in his opinion be necessary to delay the trial of the case should he allow it to be filed. In so far as is concerned the special exceptions contained therein there is no doubt that he was right. It is proper that a trial court should refuse to delay a jury trial in order to consider matters presented to him out of time or order where there is not shown any good reason warranting the delayed presentation. Conner v. McAfee, Tex.Civ.App.Amarillo, 1919, 214 S.W. 646, writ refused; Ciulla v. Ciulla, Tex.Civ.App.Galveston, 1923, 253 S.W. 643; Briggs v. Rush, 1892, 1 Civ.App. 19, 20 S.W. 771.

Judgment affirmed.

BOYD, J., not participating.