# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 16, 2011

Lyle W. Cayce
Clerk

No. 11-20127
Summary Calendar

CB LEGAL SEARCH, L..L.C.,

Plaintiff–Appellee

v.

LEWIS BRISBOIS BISGAARD AND SMITH, L.L.P.,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-03130

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lewis Brisbois Bisgaard and Smith ("LBBS"), a law firm, appeals the district court's judgment against it in a suit brought by CB Legal Search ("CB Legal"), a legal recruiter, for recovery of finder's fees. LBBS bases this appeal on the district court's improper finding of facts and conclusions of law drawn from those facts. Because we find that the district court did not commit reversible error, we AFFIRM the district court's judgement against LBBS.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20127

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of a series of conversations between attorneys at Bolinger, Ruberry & Garvey ("BRG") and attorneys at LBBS regarding an LBBS acquisition of BRG attorneys.  In Februrary 2006, Esquire, Inc., a legal recruiter not involved in this action, introduced two BRG partners—Jeffrey Goldwater and George Manos—to LBBS.  Goldwater and Manos had expressed interest to Esquire in making the lateral move to LBBS.  Negotiations commenced between Goldwater and Manos on the one hand and Robert Lewis and Danny Worker of LBBS on the other.  During this period, Esquire provided LBBS with information about Goldwater and Manos, including billing information, client data, and other associates who might make the move to LBBS along with Goldwater and Manos.  In October 2006, LBBS offered employment to Goldwater, Manos, and affiliated associates, who declined.  In spite of this, the "door was left open" for future negotiations as to Goldwater and Manos joining LBBS.  Throughout 2007 and 2008, no formal negotiations took place between Goldwater and Manos and LBBS, but Manos and Worker stayed in touch.  The conversations between Worker and Manos were mostly social in nature though they did sometimes discuss business.

In 2009, Elizabeth Turpin, CB Legal's Chicago recruiter, contacted Ed Ruberry of BRG to discuss the possibility of him and other BRG attorneys joining LBBS.  Ruberry told Turpin that the group of attorneys he wished to move with included himself, Goldwater, Manos, and some associates.  In February 2009, Turpin contacted LBBS about Ruberry's group, and LBBS expressed interest in having them join LBBS.  Around the same time, Worker reached out to Manos in hopes of "rekindl[ing]" the dialogue of Goldwater and Manos coming to work at LBBS.

Turpin, on February 26, 2009, emailed Les Sullivan of LBBS Ruberry's biographical and billing information.  This email also specifically mentioned that

2

No. 11-20127

Goldwater, and alluded that Manos, would be a part of the group looking to move to LBBS. On March 2, 2009, Sullivan and Turpin arranged a meeting between Ruberry and LBBS. Worker and Manos had a phone conversation on March 3, 2009, discussing the possibility of Goldwater and Manos joining LBBS. On March 12, 2009, Ruberry met with four LBBS partners at which time it was confirmed that Goldwater and Manos would be part of the group coming over to LBBS from BRG. At this meeting, LBBS requested additional information about the attorneys who would be joining Ruberry in the move. Turpin sent LBBS this information, including billing and client data on Goldwater and Manos, on March 18, 2009. The next day, CB Legal sent LBBS its form fee agreement detailing the fees owed to CB Legal if LBBS decided to hire the Ruberry group.

On April 14, 2009, LBBS informed CB Legal that it had chosen not to hire the Ruberry group. Between March 3 and April 14, 2009, Goldwater and Manos continued to negotiate their own transfer to LBBS without Ruberry. On April 15, LBBS and Goldwater and Manos agreed to maintain confidentiality about the negotiations for Goldwater and Manos to join LBBS. Then, in July 2009, LBBS announced its acquisition of ten members of the Ruberry group, including Goldwater and Manos. CB Legal demanded its finder's fee from LBBS, but LBBS refused.

CB Legal filed suit in the Southern District of Texas to recover those fees from LBBS. Both parties consented to proceed before a magistrate judge, who conducted a bench trial. On February 9, 2011, the magistrate judge filed an order finding for CB Legal on the basis of quantum meruit and entered a judgement against LBBS, which LBBS appealed.

## II. STANDARD OF REVIEW

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." *Kona*

*Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601 (5th Cir. 2000). We will only reverse based on clear error if:

> (1) the [district court's] findings are without substantial evidence to support them, (2) the court misapprehended the effect of the evidence, and (3) although there is evidence which if credible would be substantial, the force and effect of the testimony, considered as a whole, convinces the court that the findings are so against the preponderance of credible testimony that they do not reflect or represent the truth and right of the case.

*World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 752 (5th Cir. 2009) (citations omitted). For example, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer*, 470 U.S. 564, 572 (1985). Embodied in this standard is significant deference to the district court. This deference is even greater when the factual findings are "based on the credibility of witnesses." *Tokio Marine & Fire Ins. Co. v. FLORA MV*, 235 F.3d 963, 970 (5th Cir. 2001) (citing FED. R. CIV. P. 52(a)[(6)]; *Anderson*, 470 U.S. at 575).

## III. DISCUSSION

LBBS argues that CB Legal was not the "procuring cause" of its hiring of Goldwater and Manos and the eight affiliated associates and therefore is not entitled to a finder's fee under Texas law. *See Tower View, Inc. v. Hopkins*, 679 S.W.2d 632, 635 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.). Though a procuring cause needs to be a "but-for" cause of the transaction, *see Embrey v. W.L. Ligon & Co.*, 12 S.W.2d 262, 635 (Tex. 1929), a procuring cause need not be the sole cause of the hiring because a "contributing or concurrent" cause can sustain an award of a finders fee. *West v. Richards*, 298 S.W.2d 528, 529 (Tex. Comm'n App. 1927, judgm't adopted). So long as the fee claimant is a "cause that in the natural and continuing sequence, unbroken by any independent intervening cause, produces the [hiring], without which the [hiring] would not have occurred." *Tower View*, 679 S.W.2d at 636; *see also Hutchings v. Slemons*,

No. 11-20127

174 S.W.2d 487, 489 (Tex. 1943). Here, though there was some testimony by LBBS that would support its theory that the hiring of Goldwater and Manos was independent of CB Legal's efforts, the district court found that the "credible evidence" was sufficient to prove that CB Legal was a procuring cause. As stated above, especially where there are credibility determinations involved, the district court's finding cannot be clearly erroneous so long as its interpretation was plausible, even though the testimony could have led to a different conclusion. *Matthews v. Remington Arms Co.*, 641 F.3d 635, 644 (5th Cir. 2011). We find that the district court did not commit clear error in finding facts as to the issue of procuring cause.

LBBS also contends that the district court's conclusion that CB Legal had proved its quantum meruit claim was erroneous. Such legal conclusions are reviewed de novo. *Kona Tech.*, 225 F.3d at 601. LBBS's only contention of error is that the facts upon which the district court made this conclusion were wrongly found. As we have found that those facts were not found in error, the district court did not err on this basis. In its reply brief, LBBS expands its argument on the quantum meruit claim beyond incorrect fact-finding, but those arguments are waived. *In re Katrina Canal Breaches Litig.*, 620 F.3d 455, 459 n.3 (5th Cir. 2010); *see also* FED. R. APP. P. 28(a)(9).

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment for CB Legal.

AFFIRMED.

5